IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| William Whitefield, # 07791-027 | ) C/A No. 0:09-3174-HFF-PJG |
| Petitioner, | ) |
| vs. | ) **REPORT AND** |
| | ) **RECOMMENDATION** |
| Warden, FCI Bennettsville, | ) |
| Respondent. | ) |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC. The petitioner, William Whitefield ("Petitioner"), a self-represented federal prisoner, brings this action pursuant to 28 U.S.C. § 2241. Petitioner contests the manner of execution of his sentence, claiming that the Federal Bureau of Prison ("BOP") illegally increased the amount he was paying toward his criminal fine obligation through the Inmate Financial Responsibility Program when he was transferred to FCI-Bennettsville from FCI-Jessup in Georgia. He claims that the extra amount he is now being "forced" to pay toward the fines prejudices his ability to provide for his child and to rehabilitate himself through available, but costly, educational programs within the BOP. In response to special interrogatories from the Court, Plaintiff acknowledges that he never formally instituted a BOP grievance process relative to the increased payments before filing this case in this Court. (Docket Entry 9.)

### *PRO SE* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the procedural provisions of 28 U.S.C. § 1915; the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the

Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*).

This court is required to construe *pro se* petitions liberally. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Erickson v. Pardus, 551 U.S. 89 (2007); Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Fine v. City of N.Y., 529 F.2d 70, 74 (2d Cir. 1975).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

*PJG*

## DISCUSSION

The Petition for a writ of habeas corpus under 28 U.S.C. § 2241 in this case should be summarily dismissed without service on the respondent because Petitioner has not exhausted his administrative remedies. See Braden v. 30th Judicial Cir. Ct., 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241); Moore v. De Young, 515 F.2d 437, 442-43 (3d Cir. 1975) (exhaustion required under 28 U.S.C. § 2241). As stated above, Petitioner admits that he did not fully exhaust his administrative remedies before filing this case. This failure to exhaust is fatal to the Petition submitted. See 28 C.F.R. §§ 542.10-.16; see also Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for habeas corpus relief in federal court).

The BOP has established an administrative procedure whereby a federal inmate may seek review of complaints relating to some aspects of his or her confinement. See C.F.R. §§ 542.10, et. seq. If the inmate receives an adverse result from a Disciplinary Hearing Officer or the Warden, the inmate *must* present his claims to the Regional Director of the Federal Bureau of Prisons and then to the Office of General Counsel in order to fully exhaust his BOP administrative remedies. 28 C.F.R. § 542.15. Although it appears from attachments to Petitioner's Amended Petition (Docket Entry 10) that Petitioner filed written objections to the increased fine payments with the Clerk of the United States District Court in which the fine is payable, there is nothing in the Petition to indicate that Petitioner ever began the BOP administrative remedy process relative to his complaints about the fine-payment increase by filing the correct documentation with the Warden or other responsible

*PJG*

official at FCI-Bennettsville. Since Petitioner has not established that he exhausted his administrative remedies, this matter must be dismissed pursuant to 28 U.S.C. § 1915(e). See also 28 U.S.C. § 2243 ("A court . . . entertaining an application for writ of habeas corpus shall forthwith award the writ or issue an order directing respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled to relief.").

## RECOMMENDATION

Accordingly, the court recommends that the Petition for a writ of habeas corpus in this case be dismissed without prejudice and without issuance and service of process. See Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return); see also Lindsay v. Williamson, 271 Fed. Appx. 158, 160 (3d Cir. 2008) (unpublished) (affirming summary dismissal of § 2241 petition "[b]ecause the District Court could determine from the face of [the] petition that [the petitioner] did not exhaust his administrative remedies, a prerequisite to suit").

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 21, 2010
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The Petitioner is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).